**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leo T. VALENZUELA,
Defendant-Appellant.**

No. 78–1269.

United States Court of Appeals,
Tenth Circuit.

Submitted Aug. 9, 1978.

Decided Oct. 5, 1978.

Victor R. Ortega, U. S. Atty., and Stanley K. Kotovsky, Jr., Asst. U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

William W. Deaton, Federal Public Defender, Albuquerque, N. M., defendant-appellant.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this Calendar C case review is sought of an order denying dismissal in a criminal case in which defendant was charged in federal court with conspiracy to import and distribute heroin, possession with intent to distribute heroin and distribution of heroin. The same facts gave rise to a conviction of the defendant-appellant for attempted possession with intent to distribute heroin in the courts of New Mexico in June 1976. The federal indictment was on February 8, 1978. The defendant-appellant pleaded guilty to the state charge and was sentenced to from two to ten years. While in custody he testified before a federal grand jury, and in July 1977, was paroled.

The defendant's counsel moved to prohibit the prosecution of the defendant in federal court, contending that the government was at odds with its so-called *Petite* policy. At the same time the defendant-appellant acknowledged that the conviction in state court arising out of the same transaction or series of transactions did not as a matter of double jeopardy preclude prosecution in the federal court. *See Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

The interest of the federal government in seeking to proceed in the federal court was in order to encourage Valenzuela to give testimony against Juan G. Rios, his indicted co-conspirator.

The issues, therefore, are, *first,* whether there is any merit to defendant's contention that the federal government is precluded

from proceeding in its court because of the *Petite* policy, which, according to the defendant's argument, seeks to avoid double prosecution by both sovereignties, and, *second,* whether the denial of the motion to dismiss the federal indictment, which motion is based on the *Petite* policy, is an order which is appealable. Since the *Petite* policy issue bears some relationship to the question of jurisdiction which the government raises, we will first consider the issue having to do with the *Petite* policy and this will logically lead us into the jurisdiction question.

The *Petite* policy had its origin in the Supreme Court's decision in *Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). There the federal government moved to dismiss an indictment which grew out of a transaction which had given rise to a *prior* federal indictment. The government announced in that case that it had a general policy of trying several offenses arising from a single transaction together instead of using multiple trials. This policy of the Attorney General was in the interest of "fairness to defendants and of efficient and orderly law enforcement." *Id.* at 530, 80 S.Ct. at 451.

In 1959, the Justice Department expressed its policy with respect to prosecution of federal cases following state cases in a press release:

> After a state prosecution there should be no federal trial for the same act or acts unless the reasons are compelling.

The procedure prescribed was that the U. S. Attorney would submit a recommendation for federal prosecution after a state one for substantially the same acts to the Assistant Attorney General, and that Assistant Attorney General should notify the Attorney General of the matter before acting upon it.

A later Department of Justice memorandum provided that the Assistant Attorney General could approve the recommendation of a dual prosecution without first bringing the recommendation to the attention of the Attorney General.

■ The argument of the defendant here is that the government was in violation of the *Petite* policy because it failed to secure the Assistant Attorney General's approval *prior* to bringing the indictment. The argument also is that the government had not complied with the policy because it had failed to show the presence of compelling reasons for dual prosecution. Defendant maintains that this constitutes a basis for his motion to dismiss. We disagree.

Since this appeal was filed we filed our recent decisions in *United States v. Thompson,* 579 F.2d 1184 (10th Cir. 1978), and *United States v. Fritz,* 580 F.2d 370 (10th Cir. 1978). In *Thompson* we held that the *Petite* policy does not confer an enforceable right on the defendant in the absence of government request for dismissal. We there called attention to the previous line of decisions on this subject, noting that in each instance in which *Petite* was applied it had been invoked at the request of the United States and not over the government's objection as here. We also pointed out that it was a policy statement of the Department of Justice; that it was based upon the Attorney General's determination that fairness required it; and that it was not a regulation but was simply a housekeeping provision. The Attorney General's statement, to be sure, was distributed to the U.S. Attorneys, but that was to provide guidelines to the U. S. Attorneys. It followed then that the failure to obtain the Attorney General's approval resulted in there being no enforceable right in the defendant.

*United States v. Fritz, supra,* was a companion case to *Thompson.* It also held that the *Petite* policy was an internal Justice Department guide to dismissal of an indictment when justice so required. *Fritz* also took the position that it was not necessary for the U. S. Attorney to obtain prior approval before proceeding.

In the case at bar the important thing is that the Department of Justice cleared the federal prosecution of the defendant-appellant. It is not true, therefore, that there was any violation of the *Petite* policy. Since it is nothing more than an internal policy of the Department of Justice, the

defendant cannot avail himself of it unless the Attorney General applies it by calling the court's attention to the prior state prosecution and the desirability from the standpoint of fairness of not prosecuting the case in the federal courts.

\* \* \* \* \* \*

■ The remaining question is whether there is any jurisdiction, and we conclude that the order denying the dismissal is not appealable. Appeal of interlocutory orders is not favored and hence they are given careful scrutiny. The applicable rule is set forth in 28 U.S.C. § 1291 (1976):

> The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States
> . . .

The right of appeal in criminal cases is "purely a creature of statute," the result of which is that the case must come within the terms of the statute in order for the matter to be appealable. *See Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The final decision here relied upon was the denial of the motion to dismiss. The question is whether it is a final decision.

■ The closest analogy is furnished by the relatively recent decision of the Supreme Court in *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), wherein it was held that the denial of a pretrial motion which invoked the Sixth Amendment right to a speedy trial lacked finality and therefore could not be the basis of an interlocutory appeal. *Id.* at 1554. The underlying reason for disallowance is the policy against piecemeal appeals. *Id.* at 1549; *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). In criminal prosecutions finality is particularly important because the willy-nilly appeal of interlocutory orders disrupts the trial and other proceedings and thus undermines the fair administration of the criminal law. *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 1549, 56 L.Ed.2d 18 (1978); *Abney v. United States,* 431 U.S. 651, 657, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *DiBella v. United*

States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

Interlocutory appellate review has been recognized in limited matters. Thus the ruling on motion to dismiss the indictment on double jeopardy grounds has been held appropriate for interlocutory review. *See United States v. MacDonald, supra,* and *Abney v. United States, supra.* In *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), appellate review was recognized in connection with the denial of an order with respect to reduction of bail. In both types of cases the Supreme Court looked to the collateral order exception contained in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

*Cohen* requires that in order for the exception to apply the court order cannot be unfinished or inconclusive. Secondly, that the denial be final as to a right which is collateral and separable from the cause itself, and, third, that an important right will be lost, probably irreparably, if review must await final judgment. In *Cohen,* the Supreme Court held that the facts satisfied these requirements and consequently there was jurisdiction for an appeal. *Id.* at 557, 69 S.Ct. 1221. The district court had refused to require the plaintiffs to provide security in a shareholders' derivative suit, notwithstanding that this was required by state statute. *Id.*

The question was appealable because it belonged to the "small class" of cases in which the claim was too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case was adjudicated. Also, the issue involved a serious and unsettled question of law. *Id.* at 547, 69 S.Ct. 1221. Furthermore, it was separate and distinct from the final judgment and it was an issue which was incapable of correction at the final judgment stage.

Based upon the reasoning of *Cohen,* there was little doubt as to the appealability of the double jeopardy issue. Thus as pointed

out in *Abney*, 431 U.S. at 663, 97 S.Ct. at 2040, the denial by the district court was a "final rejection of a criminal defendant's double jeopardy claim." Thus it meets the *Cohen* test. *Id.* at 659, 97 S.Ct. 2034. The Court went on to say that all of the standards of *Cohen* were satisfied. The same reasoning applies to an order denying a reduction of bail. Here again the *Cohen* standards are fully satisfied. *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

On the other hand, the denial of the speedy trial motion did not satisfy the *Cohen* principle and thus was not appealable prior to trial, since it lacks the finality necessary for appellate review. This motion can be made and can be fully considered on the final appeal. Furthermore, it is not fully independent of the case itself. It is also pointed out in *MacDonald* that appeal in this area would not serve any valuable social purpose. On the contrary, it would impede trial and dispositions.

A big impediment to an interlocutory appeal in the case at bar is that there is no merit whatsoever to the motion. Also, in present form it is incapable of finally disposing of the case and thus it is a waste of effort. The fact that it is collateral fails to fill the bill. It is not advancing any important right of the defendant. The issue, for what it is worth, can be raised after trial. It is not lost, in other words.

We are not faced with the question where the government seeks dismissal and the court refuses to grant it. Hence we do not consider it.

It is plain to us that jurisdiction to entertain an interlocutory appeal under the facts presented does not exist.

The judgment of the district court is therefore affirmed.