**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry PADILLA, Defendant-Appellant.**

**No. 77–1901.**

United States Court of Appeals,
Tenth Circuit.

Dec. 18, 1978.

Logan, Circuit Judge, concurred with opinion.

David N. Williams, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on brief), for plaintiff-appellee.

Robert T. Knott, Knott & Associates, Albuquerque, N. M., for defendant-appellant.

Before DOYLE and LOGAN, Circuit Judges, and STANLEY, Senior District Judge.*

STANLEY, Senior District Judge.

This is an appeal from Appellant's conviction in the United States District Court for the District of New Mexico of six counts of violation of the Controlled Substances Act, 21 U.S.C. § 841(a)(1). Trial was to the court. Appellant assigns as errors: (1) that his conviction violated his rights under the Double Jeopardy Clause of the 5th Amend-

---

* Of the District of Kansas, sitting by designation.

ment in that he had previously plead guilty in state court to charges arising from the same transactions; (2) that the plea bargain agreement he had entered into with the Bernalillo County Attorney's office precluded the testimony of Katherine Trujillo from being given at his federal trial, and that this agreement became binding on the United States Attorney when David Williams, of the county attorney's staff, accepted employment in the United States Attorney's office, ultimately prosecuting the case against the appellant; and (3) that his rights were violated by the failure of the United States Attorney to honor the "*Petite* policy" of the Department of Justice.

On October 21, 1976, Appellant was indicted by a state grand jury on six counts of trafficking in heroin and on November 4, 1976, on an additional charge of trafficking in heroin. Pursuant to a plea bargaining agreement with state prosecutors, Appellant entered a plea of guilty in the state court to one of six counts contained in the October 21 indictment and the single count contained in the November 4 indictment. On April 25, 1977 he received a deferred sentence with three years probation. Two days later a nolle prosequi was entered covering the five remaining counts contained in the first indictment. The state proceedings were in this posture when Appellant on July 6, 1977 was indicted by a federal grand jury on five counts of possession with intent to distribute and one count of distribution of heroin. The parties have stipulated that the state and federal charges arose from the same series of drug transactions. On August 2, 1977, Appellant moved to dismiss the federal charges on grounds of double jeopardy.

At Appellant's request, a motion to set aside the nolle prosequi was granted by the New Mexico state court on August 25, 1977, after his arraignment on the federal indictment. Appellant was allowed to plead guilty to the five remaining state charges. He received a deferred sentence and three years probation. Appellant candidly admits in his brief that his plea of guilty to the state charges was entered in an effort to strengthen his claim of double jeopardy in federal court.

The threshold question is whether this court has jurisdiction to entertain Appellant's double jeopardy claim. United States courts of appeals have only such appellate jurisdiction as the Congress has granted them. U.S.Const. Art. 3 § 1. That statutory authority, 28 U.S.C. § 1291, provides:

The courts of appeal shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

Rule 4(b) of the Fed.R.App.P. provides:

In a criminal case the notice of appeal by a defendant shall be filed in the district court within ten days after the entry of the judgment or order appealed from.

The Supreme Court in *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 held that the denial of a motion to dismiss, based on a claim of double jeopardy, is a final order within the meaning of 28 U.S.C. § 1291. However, the Court in *Abney* stated further:

To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime and that aspect of the right can be fully vindicated on an appeal following final judgment. 431 U.S. at 660, 97 S.Ct. at 2041.

In *United States v. Rumpf,* 576 F.2d 818 (10th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978), this court considered a situation in which an immediate appeal was not taken from the trial court's denial of the motion to dismiss on the ground of double jeopardy. We held that pretrial protection could not be achieved, since the defendant had already been subjected to a second trial, the double jeopardy claim would be considered as part of the appeal from his conviction. And see *United States v. Ritter,* 587 F.2d 41 (10th Cir. 1978).

Accordingly, we hold that Appellant's claim of double jeopardy is properly before this court.

In *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729, the Supreme Court considered whether a federal prosecution for conspiracy to destroy certain property, subsequent to defendant's guilty plea in state court to a similar charge violated the guarantee against double jeopardy. The Court held that it did not, relying on *United States v. Lanza,* 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314. *Lanza* presented a situation in which two sovereigns had, within their constitutional authority, prohibited the same acts, each punishing a breach of its prohibition. Justice Taft stated in a unanimous decision that

We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. . . . Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other.

It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each. The Fifth Amendment, like all the other guaranties in the first eight amendments, applies only to proceedings by the federal government, . . . and the double jeopardy therein forbidden is a second prosecution under authority of the federal government after a first trial for the same offense under the same authority. 260 U.S. at 382, 43 S.Ct. at 142.

We hold that the trial in federal court resulting in the conviction here appealed from was not barred by the prohibition against double jeopardy. *Abbate v. United States, supra.*

Appellant next contends that the United States Attorney was bound to honor the terms of the plea bargain agreement made between Appellant and the Bernalillo County Attorney's office. Appellant urges that the United States Attorney was so obligated because a member of the county attorney's office at the time the agreement was made and implemented later became an Assistant United States Attorney, and in fact, prosecuted this case in federal court. Further, Appellant contends that Katherine Trujillo, the sole witness at his trial was bound by the agreement as she is a member of the Albuquerque Police Department. He argues that she should not have been permitted to testify because of this obligation to the appellant.

 We are not persuaded by Appellant's contention that the United States is bound by the plea bargain in the state court proceeding. The United States was not a party to the New Mexico prosecution and its power to enforce its criminal laws cannot be affected by any proceedings in the state court. See *United States v. Luros,* 243 F.Supp. 160 (N.D.Iowa 1965), *rev'd on other grounds,* 389 F.2d 200 (8th Cir. 1968), *cert. denied,* 382 U.S. 956, 86 S.Ct. 433, 15 L.Ed.2d 361. Neither party has addressed the issue of whether the plea bargaining agreement is of continuing force and effect. The parties agree that the nolle prosequi was entered as to five charges in exchange for a plea of guilty to two counts. Yet the nolle prosequi, a quid pro quo of the bargain, was withdrawn and a plea of guilty on all remaining counts was entered at Appellant's own request.

 In light of our determination that the United States was not a party to the agreement and that the agreement was vacated at Appellant's request, the court finds no error in allowing Mr. Williams to prosecute the case in federal court nor in allowing Katherine Trujillo to testify.

 Appellant's last assignment of error is that his prosecution in federal court was barred by the *Petite* policy of the Department of Justice. The policy published in a 1972 United States Attorneys manual provides that following a state prosecution there should be no federal prosecution for the same transaction in the absence of compelling federal interests. The policy provides further that the recommendation to institute federal charges should not be made without the prior approval of the Attorney General's office. In his briefs the United States Attorney has not seen fit to

reveal whether or not permission to proceed was in fact sought and obtained. Rather, the government argues that there is no indication in the record that permission was not sought, and that therefore the court may not consider this issue on appeal. The fact of whether or not authorization to proceed was obtained from the Attorney General is one peculiarly within the knowledge of the government, and it should have been disclosed. Not having been informed otherwise, we must assume, arguendo, that authorization was not obtained in this case. The issue then becomes whether non-compliance with the *Petite* policy mandates reversal in this case. We believe that it does not. In *United States v. Hutul*, 416 F.2d 607 (7th Cir. 1969), *cert. denied*, 396 U.S. 1007, 90 S.Ct. 562, 24 L.Ed.2d 499, the court held that failure to obtain permission to prosecute in accordance with the *Petite* policy did not void the prosecution, the policy statement being merely a "housekeeping provision" of the Justice Department and so limited in its effect. This circuit has recently addressed this issue, reaching the same result. See *United States v. Thompson*, 579 F.2d 1184 (10th Cir. 1978); *United States v. Fritz*, 580 F.2d 370 (10th Cir. 1978); and *United States v. Valenzuela*, 584 F.2d 374 (10th Cir. 1978). In *Valenzuela*, this court stated

> In *Thompson* we held that the *Petite* policy does not confer an enforceable right on the defendant in the absence of government request for dismissal. We there called attention to the previous line of decisions on this subject, noting that in each instance in which *Petite* was applied it had been invoked at the request of the United States and not over the government's objection as here. We also pointed out that it was a policy statement of the Department of Justice; that it was based upon the Attorney General's determination that fairness required it; and that it was not a regulation but was simply a housekeeping provision. The Attorney General's statement, to be sure, was distributed to the U. S. Attorneys but that was to provide guidelines to the U. S. Attorneys. It followed then that

the failure to obtain the Attorney General's approval resulted in there being no enforceable right in the defendant. 584 F.2d at 376.

The conviction is AFFIRMED.

LOGAN, Circuit Judge, concurring:

I concur in this case only because I am bound by the decisions in *United States v. Thompson*, 579 F.2d 1184 (10th Cir.), *cert. denied*, —— U.S. ——, 99 S.Ct. 257, 58 L.Ed.2d 243 (1978) and *United States v. Fritz*, 580 F.2d 370 (10th Cir.), *cert. denied*, —— U.S. ——, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978). I still adhere to the views expressed in Chief Judge Seth's dissent in the *Thompson* case in which I joined, and in my dissent in the *Fritz* case, on the *Petite* policy issue.

This case almost perfectly illustrates the dilemma of the state prosecution-federal prosecution double jeopardy decisions in *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) and *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), and the reasons for the development of the *Petite* policy. The defendant here was charged in state court on six counts of trafficking in heroin. He ultimately pleaded guilty in all counts. A lawyer in the state prosecutor's office, apparently involved in the case in state court, became an Assistant United States Attorney and brought before a Federal grand jury the same transactions, securing indictments for the same acts previously charged in state court. The sole witness at the federal trial was a member of the Albuquerque, New Mexico Police Department who was involved in the gathering of evidence in the state case. It is hard to imagine another situation where the law permits what appears on its face to be such an apparent injustice, making a defendant answer twice for the same acts. This is permitted simply because of the dual sovereignty concept in the American system, that both the state and federal governments are entitled to punish the acts under their own laws.

The case also demonstrates the other side of the dilemma. Here the state court imposed deferred sentences with three years' probation on all the counts. Thus if double jeopardy had attached the federal sovereign would be forced to accept the state court's punishment, which on its face appears to be unusually lenient for such a serious crime, as all that could be given for violation of an important federal law. Certainly the rationale which most sensibly supports the conclusion that there is not double jeopardy in the dual prosecution situation, is the interest of the federal government in making its own determination whether the punishment meted out by the state court, which happened to try the defendant first, satisfies the policy expressed by the federal legislation.

This case also illustrates why it is wrong not to apply the *Petite* policy here. It appears to be the state prosecutor's frustration with the sentence given defendant by the state court which led him, in his new capacity as an Assistant United States Attorney, to seek the federal indictment. The purpose of the *Petite* policy is to have this decision made at a higher level, so that an individual who has been prosecuted in state court may not be punished again at the whim of a local prosecutor disappointed with the result of the state court proceeding, who as here, has power to initiate a federal prosecution. The interest of society itself that a defendant not have to stand trial twice for the same crime in the absence of compelling necessity dictates, it seems to me, that this decision be made at a level where it can be said there is some impartiality and distance from the emotions which are naturally generated by personal involvement in a case.

The instant situation shows precisely why the government should be required to follow the *Petite* policy, and why a defendant should be entitled to use its failure to do so in his own defense.