UNITED STATES of America,
Plaintiff–Appellee,

v.

Roderick Ladell SLOAN, Defendant–
Appellant.

No. 94–6076.

United States Court of Appeals,
Tenth Circuit.

Sept. 13, 1995.

Before BEEZER and CYNTHIA HOLCOMB HALL, Circuit Judges, and SAMUEL CONTI, District Judge.*

**ORDER**

---

* The Honorable Samuel Conti, United States District Judge for the Northern District of California, sitting by designation.

McWILLIAMS, Senior Circuit Judge.

In a 38–count superseding indictment, Roderick Ladell Sloan and six others were jointly charged in the United States District Court for the Western District of Oklahoma with various drug and drug related offenses. Two defendants pled guilty to one count and have not appealed their sentences. The remaining five defendants went to trial, and all were convicted by a jury on various counts. Each has filed a separate appeal. We are here concerned with one defendant, Roderick Ladell Sloan (Sloan).

Sloan was convicted on six of the eight charges against him and was sentenced to imprisonment for 188 months on three counts and 48 months on the remaining three counts, all to be served concurrently.[1] He now appeals his convictions and the sentences imposed thereon. We affirm.

Sloan does not challenge the sufficiency of the evidence to support his six convictions. Accordingly, we need not recite in any detail the evidence adduced at trial. On appeal, Sloan asserts the following as error: (1) error by the district court in denying his motion for mistrial based on the government's failure to follow the district court's instructions relating to evidence of so-called "gang activity" by Sloan and others; and (2) error by the district court in overruling his objections to the pre-sentence report.

## I. Gang Activity

Prior to trial, counsel, by motion, sought to prohibit the government from introducing any evidence that Sloan, and others, were engaged in "gang activity." The district court denied the motion, but did express concern about the matter and stated that the government could not introduce such line of testimony unless it related to the essential elements of the crimes charged in the indictment. So, during the trial there was testimony relating to Sloan's gang membership, some of which was allowed, and some of

Leslie M. Maye, Assistant U.S. Attorney (Rozia McKinney Foster, U.S. Attorney, and Kim Taylor, Assistant U.S. Attorney, with her on the brief), Oklahoma City, OK, for plaintiff-appellee.

Robert G. Boren, Oklahoma City, OK, for Roderick Ladell Sloan, defendant-appellant.

Before KELLY, Circuit Judge, GODBOLD, Senior Circuit Judge,* and McWILLIAMS, Senior Circuit Judge.

* Honorable John C. Goldbold, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

1. Sloan's total offense level was 36 and his criminal history category was I, which set a guideline range for imprisonment at 188 months to 235 months.

which was excluded and the jury admonished to disregard. Counsel argues that the district court was lax in this regard and should have declared a mistrial. We disagree.

■ The government's evidence showed that these drug distributions in two housing projects in Oklahoma City were a part of the operation of two gangs which apparently had amicably divided up the territory. Gang membership under such circumstances was relevant and material to the crimes charged. This particular matter was considered in *United States v. Robinson*, 978 F.2d 1554 (10th Cir.1992), Judge Seth dissenting, where we spoke as follows:

> Gang membership helped to establish an agreement among the subjects, the purpose of the conspiracy and knowledge on the part of these defendants. We share the appellants' concern and reiterate that affiliation evidence alone could not support a conviction. However, as the government emphasized at oral argument, gang membership was but one piece of evidence.
>
> > 'An item of evidence, being but a single link in the chain of proof, need not prove conclusively the proposition for which it is offered.... It is enough if the item could reasonably show that a fact is slightly more probable than it would appear without that evidence.... A brick is not a wall.'
>
> *United States v. Porter*, 881 F.2d 878, 887 (10th Cir.) (quoting *McCormick on Evidence* § 185 (E. Cleary 3d ed. 1984) (footnotes omitted)), *cert. denied*, 493 U.S. 944, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). The dissent misses this point altogether, arguing that " 'proof that a person fits the profile, unsupported by evidence of drug trafficking, proves nothing.' " Dissent at 1569–70 (quoting *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir.1990). Here, there is ample evidence of drug trafficking in addition to the gang related items discovered at the apartment, which we conclude are not profile evidence in any event.

*Id.* at 1563.

In the instant case, the "gang activity" evidence was used to prove the existence of a conspiracy and to show the basis of the relationship between the defendant and witnesses who participated in the drug distribution operation. As indicated, Sloan was acquitted on the conspiracy charges. Nonetheless, our review of the record supports the district court's determination that certain gang evidence was more probative than prejudicial and thus was properly admitted.

## II. Pre-sentence Report

The pre-sentence report in paragraph 42 set the total amount of cocaine base attributable to Sloan at 1.45 kilograms, and Sloan objected to that determination and claims, on appeal, that the evidence in support of such "is not reliable and is inaccurate." That is not our view of the matter.

■ We review a district court's drug quantity determination under a clearly erroneous standard, and we will not disturb it unless it has no support in the record or unless we are firmly convinced that an error has been made. *United States v. Cook*, 949 F.2d 289, 296 (10th Cir.1991). The government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence. *United States v. Garcia*, 994 F.2d 1499, 1508 (10th Cir. 1993). In determining the quantity of drugs involved, the government is not limited to the amount of drugs involved for which a defendant was convicted, and a defendant is responsible for "all quantities ... with which he was directly involved and ... all reasonably foreseeable quantities ... that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B13, Comment, n. 2 (1993). The credibility of a witness whose testimony is relied upon at sentencing is for the sentencing court to determine. *United States v. Deninno*, 29 F.3d 572, 578 (10th Cir.1994). The information underlying an estimate of the amount of drugs attributable to a defendant must possess "a minimum indicia of trustworthiness." *United States v. Cook*, 949 F.2d 289, 296 (10th 1991).

■ Our study of the record leads us to conclude that the determination by the district court of the quantity of the cocaine base

attributable under the guidelines to Sloan is not clearly erroneous.

■ Counsel asserts also that the district court erred in refusing to decrease Sloan's base offense level because of Sloan's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. We have repeatedly held that a district court has broad discretion to grant or deny such a reduction and thus, our review is under the clearly erroneous standard. *United States v. Robertson*, 45 F.3d 1423, 1449 (10th Cir.1995). In this regard, see U.S.S.G. § 3E1.1, application n. 5 (the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility."). In our view, Sloan did not demonstrate an acceptance of responsibility under U.S.S.G. § 3E1.1 and the district court was not clearly erroneous in refusing to grant the requested reduction.

Judgment affirmed.