**UNITED STATES COURT OF APPEALS**
**Filed 12/11/96**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

SANTIAGO RIOS, also known as
Jimmy Rios,

  Defendant - Appellant.

Nos. 96-5087 & 96-5094
(D. Ct. Nos. CR-95-159-B &
CR-95-56-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant Rios after a plea of guilty to two counts of an indictment charging defendant with

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

knowingly and intentionally distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 3147. Defendant appeals on the grounds that the district court erred in determining the amount of drug quantity to be taken into consideration in establishing the sentence and further erred by refusing to give defendant a downward reduction in his base offense level for acceptance of responsibility. We affirm.

We will not disturb the district court's determination of drug quantity unless there is no support in the record for the quantity established or unless we are firmly convinced that an error has been made. United States v. Sloan, 65 F.3d 149 (10th Cir. 1995). The district court engaged in a thorough colloquy at the sentencing hearing regarding the amount of the drug quantities involved and the evidence related to the trips that Mr. Arzate made to Oklahoma City with cocaine that was delivered to defendant. It is clear that the district court relied upon statements made to co-defendant Arzate and upon the interviews that the probation officer conducted with Mr. Arzate. There is sufficient evidence in the record to support the district court's determination of the drug quantity amounts. We cannot say the district court was clearly erroneous under these circumstances.

Under the circumstances of this case, defendant clearly was not entitled to a downward adjustment for acceptance of responsibility. We give the determination of the district court with regard to acceptance of responsibility great deference on

review and will disturb it only if it is clearly erroneous.  United States v. Jessup, 966 F.2d 1354 (10th Cir. 1992).  While defendant was awaiting sentencing on his first conviction, he committed another crime.  Thus, the negotiations relating to the plea agreement and Rios' decision to plead guilty were related to the existence of a second criminal indictment.  Under these circumstances, the district court clearly did not err in refusing to give the downward adjustment.  The district court properly relied on United States v. Jessup, id., when it refused to award the acceptance of responsibility adjustment.  Defendant appears also to argue that he was entitled to a downward departure.  We have no jurisdiction to review the refusal of the district court to depart downward when he is sentenced within the guideline range.  We AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge