**UNITED STATES of America, Plaintiff,**

v.

**Steven A. FORSYTHE, Defendant.**

**Nos. 95–40060–01, 97–3221–RDR.**

United States District Court,
D. Kansas.

Nov. 21, 1997.

Alan G. Warner, Warner, Bixler & Associates, L.L.C., Topeka, KS, Stephen W. Kessler, Topeka, KS, Margaret A. Graham, Kansas Dept. of SRS, Topeka, KS, for Steven A. Forsythe.

Steven A. Forsythe, Leavenworth, KS, pro se.

James G. Chappas, Jr., Topeka, KS, Donald R. Hoffman, Hoffman & Hoffman, Topeka, KS, for Donna J. Forsythe.

Donna J. Forsythe, Topeka, KS, pro se.

James E. Flory, Office of U.S. Attorney, Topeka, KS, for U.S.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255.

Defendant was indicted with his ex-wife on charges of possession with intent to distribute crack cocaine and maintaining a crack house. In January 1996, defendant pleaded guilty to possession with intent to distribute crack cocaine. In return for his guilty plea the government promised: 1) to dismiss the charge alleging that he maintained a crack house; 2) to recommend that defendant receive a 3–level reduction in the offense level for acceptance of responsibility, contingent upon defendant's "continuing manifestation of acceptance of responsibility;" and 3) to file a § 5K1.1 motion asking for a downward departure to a sentence of 60 months if the government determined in its "sole discre-

tion" that defendant provided substantial assistance. Defendant also agreed to withdraw all motions filed or pending and to forego filing motions regarding the legality of his arrest and the search of his residence.

Defendant testified for the government in the trial of defendant's ex-wife.[1] Prior to being sentenced, on July 10, 1996 defendant's bond was revoked because he had been arrested and charged in state court with illegal possession of crack cocaine. Many months after the sentence in this case, the state charges were dismissed, apparently at the behest of federal drug enforcement officers.

Defendant has claimed that at the time of the arrest in July 1996 he was working with the government, providing "substantial assistance." The government does not deny that defendant worked with government agents and that his work benefitted the government. The government contends, however, that defendant disobeyed his instructions because he had unauthorized possession of crack cocaine and made unauthorized sales.

Defendant was sentenced to a term of 70 months which was at the low end of the guideline range. The court refused to give defendant credit for acceptance of responsibility because of his alleged subsequent criminal behavior. The government refused to file a § 5K1.1 motion for the same reason, in spite of defendant's trial testimony and other assistance. Following his sentence, defendant did not file a notice of appeal.

*Failure to Appeal*

Defendant has made numerous arguments. His first argument is that he asked his counsel to appeal his sentence, but no appeal was filed. Evidence regarding this issue was taken during the hearing upon the instant motion. The court heard testimony from defendant and defendant's counsel at the sentencing proceeding. Defendant testified that he asked for an appeal to be filed and that he thought an appeal had been filed. Defendant's former counsel testified that he discussed an appeal with defendant, but told him there was very little basis for an appeal.

---

1. Although defendant and Donna Forsythe, the co-defendant in this case, are divorced, the court recognizes that defendant has maintained an emotional attachment to Donna Forsythe and that he provided a home and support to his ex-wife after the divorce.

According to defendant's former counsel, defendant did not ask him to file an appeal.

■■■ The failure to file an appeal after a client has asked to appeal is ineffective assistance of counsel regardless of whether the appeal would have had merit. *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990). The correct remedy in such a case is to resentence the defendant after vacating the original sentence under § 2255 so that an appeal can be properly perfected. *U.S. v. Moore*, 83 F.3d 1231, 1233 (10th Cir.1996).

In this case, however, the court finds the testimony of defendant's counsel to be more credible than the testimony of defendant. It is credible to the court that counsel told defendant there was not much to appeal in this matter. The court shares the same view. Of course, defendant may not have shared that opinion and may have asked to appeal anyway. However, defendant appears to have followed his counsel's advice from the start of the case through the sentencing hearing. We believe it is more credible that defendant accepted his counsel's opinion that there was not a good issue to appeal and did not ask his counsel to file an appeal.

Accordingly, we find that defendant, after being advised of his right to appeal as well as the possible merits of an appeal, did not ask his counsel to file an appeal. Therefore, his counsel was not ineffective for failing to file one.

*Breach of the Plea Agreement*

Defendant contends the government breached the plea agreement in this case by not advocating a three-point credit for acceptance of responsibility and by not filing a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. This is an issue which could have been raised on direct appeal. So, defendant cannot raise it now unless he demonstrates cause for failing to raise the issue and prejudice from that error. *U.S. v. Cook*, 45 F.3d 388, 392 (10th Cir.1995).

We assume defendant is arguing that his former counsel rendered ineffective assistance when he advised there were no promising issues to appeal and that this demonstrates cause for failing to appeal.

"To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." *Id.* citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■■■ Defendant has not shown that his counsel's advice was constitutionally deficient. A "constitutionally deficient" performance is one that " 'falls below an objective standard of reasonableness.' " *Id.*, quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2065. An attorney's performance is reviewed with some deference, as explained by the Tenth Circuit in a related context:

> When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. *See [U.S. v.] Dixon*, 1 F.3d [1080] at 1083 [ (10th Cir.1993) ] (addressing merits of defendant's Fourth Amendment claim which was omitted on direct appeal). If the omitted issue is without merit, counsel's failure to raise it "does not constitute constitutionally ineffective assistance of counsel." *Id.* at 1084 n. 5.

■■■ In reviewing counsel's decision to omit an issue on appeal, our "scrutiny ... must be highly deferential." [*Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "A fair assessment of attorney performance requires every effort be made 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.' " *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir.1994) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."
*Id.* at 392–94.

We believe counsel exercised reasonable professional judgment in advising that the alleged breach of the plea agreement was not

a viable issue on appeal. There are two alleged breaches to consider: the government's failure to recommend a three-point reduction in the offense level for acceptance of responsibility and the government's refusal to file a § 5K1.1 motion for a downward departure.

■ Defendant's failure to receive acceptance of responsibility was not a viable issue to appeal. The plea agreement stated that:

"[T]he government's obligation to recommend acceptance of responsibility pursuant to this plea agreement is contingent upon the defendant's continuing manifestation of acceptance of responsibility. Should the defendant ... engage in additional criminal conduct, including but not limited to, personal use of a controlled substance, the government shall not be bound to recommend acceptance of responsibility."

Defendant's subsequent criminal conduct provided grounds for the government and the court to oppose defendant receiving a three-level reduction in his offense level under the terms of the plea agreement and under the Sentencing Guidelines. *U.S. v. Crousore,* 1 F.3d 382 (6th Cir.1993); *U.S. v. Olvera,* 954 F.2d 788, 793 (2d Cir.) *cert. denied,* 505 U.S. 1211, 112 S.Ct. 3011, 120 L.Ed.2d 885 (1992); *U.S. v. Franklin,* 902 F.2d 501 (7th Cir.) *cert. denied,* 498 U.S. 906, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990); *U.S. v. Jordan,* 890 F.2d 968 (7th Cir.1989); see also, *U.S. v. Lassiter,* 929 F.2d 267 (6th Cir.1991); *U.S. v. Martin,* 737 F.Supp. 819 (S.D.N.Y.) *aff'd,* 923 F.2d 846 (2nd Cir.1990) (table); see also, *U.S. v. Yates,* 22 F.3d 981 (10th Cir.1994) (denial of acceptance of responsibility because defendant was indicted for other conduct while awaiting sentence); *U.S. v. Jessup,* 966 F.2d 1354, 1356 (10th Cir.1992) *cert. denied,* 507 U.S. 965, 113 S.Ct. 1398, 122 L.Ed.2d 772 (1993) (criminal conduct while under indictment is relevant to acceptance of responsibility). So, the government did not violate the plea bargain by failing to recommend that defendant receive credit for acceptance of responsibility.

■ Indeed, as defendant's former counsel was aware, the court informed the parties the day prior to the sentencing hearing that the court was leaning against granting acceptance of responsibility. The court's view on this matter was not influenced by the position of the government because as of that time, the court believed the government *would* recommend acceptance of responsibility.[2] The court has great discretion in determining whether to grant a defendant credit for acceptance of responsibility. U.S.S.G. § 3E1.1, Application Note 5; *U.S. v. Sloan,* 65 F.3d 149, 152 (10th Cir.1995). Accordingly, it was reasonable to advise that this was not a good basis for appeal.

■ It was also reasonable for defendant's former counsel to advise him that the government's refusal to file a § 5K1.1 motion was not good grounds for appeal. The plea agreement states that:

"The government agrees to file a motion for downward departure pursuant to U.S.S.G. Section 5K1.1 in the event that defendant provides substantial assistance. The government further agrees, in conjunction with said motion to recommend a sentence of imprisonment of 60 months. Defendant understands and agrees that the determination of whether defendant has provided substantial assistance is within the sole discretion of the United States Attorney's Office."

The Tenth Circuit has described three instances where a district court may review the government's refusal to file a § 5K1.1 motion for downward departure: "if the refusal violates an agreement with the Government ..., if the refusal was based on an unconstitutional motive ..., or 'in an egregious case ... where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief.'" *U.S. v. Lee,* 989 F.2d 377, 379–80 (10th Cir.1993) quoting *United States v. Kuntz,* 908 F.2d 655, 657 (10th Cir.1990). "When a Defendant asserts that the government breached an agreement that leaves dis-

**2.** In the end, the government did not oppose credit for acceptance of responsibility at the sentencing hearing, but government counsel did not actively support defendant receiving credit for acceptance of responsibility either.

cretion to the prosecutor, the district court's role is limited to deciding whether the government made the determination in good faith." *Id.* at 380.

In this instance, the refusal to file a § 5K1.1 motion did not violate an agreement with defendant because the only agreement established to the court gave the government sole discretion in determining whether defendant provided substantial assistance. There is no claim that the government was motivated by an unconstitutional motive when it refused to file a § 5K1.1 motion. Consequently, defendant could only argue that this is an egregious case where the facts cry out for a § 5K1.1 motion and/or that the government refused to file such a motion in bad faith.

This is not an egregious case or one in which there is a smidgeon of evidence of bad faith. While defendant provided assistance to the government, he also engaged in misconduct which led to the revocation of his bond. According to the police reports at the time of his arrest in July 1996, defendant was in possession of cocaine and had made rock cocaine and sold rock cocaine without authorization from the law enforcement officials with whom he was working. This provided good grounds for refusing to file a § 5K1.1 motion. See *U.S. v. Fernandez*, 127 F.3d 277 (2nd Cir.1997) (defendant's involvement in subsequent scheme to bribe coconspirator's trial judge justified refusal to file § 5K1.1 motion); *U.S. v. Abuhouran*, 1997 WL 299366 (E.D.Pa.1997) (discovery denied and motion to compel § 5K1.1 motion denied for defendant who provided false information and resumed criminal activity following guilty plea); see also, *U.S. v. Brechner*, 99 F.3d 96, 100 (2d Cir.1996) (reversing order compelling government to make § 5K1.1 motion for defendant who assisted government but also lied to the government).

For the above-stated reasons, it was a reasonable professional judgment to conclude that this was not an egregious case where the government could be compelled to file a § 5K1.1 motion. Therefore, defendant's former counsel was not constitutionally ineffective for failing to advise his client to appeal on that basis.

■ Finally, the court notes that even if the government had filed a § 5K1.1 motion, this court still had the discretion to decide whether or not to grant the motion. The language in § 5K1.1 states that the court "may" depart from the guidelines upon a § 5K1.1 motion. At the time of sentencing, the court strongly believed that both defendants (Steve and Donna Forsythe) should receive the same sentence even though Steve Forsythe pleaded guilty and cooperated with the government, while his ex-wife did not. The court was convinced that Mr. Forsythe's involvement with crack cocaine was not solely an effort to protect his wife from street sources. Defendant appeared more capable than his wife of controlling his involvement with illegal drugs. Therefore, his failure to do so even when it meant dealing cocaine from the home of his two sons was very disappointing to the court. Under all the circumstances of this case, the court would not have granted a § 5K1.1 motion had one been filed on defendant's behalf. Hence, any alleged error by counsel in failing to appeal on the basis of the government's failure to bring a § 5K1.1 motion was not prejudicial to defendant.

*Sentencing Argumentation*

■ Defendant has made several arguments emphasizing his work in aid of drug enforcement. These arguments imply that his counsel was ineffective for failing to make the same points during his sentencing hearing or that there are grounds for finding that the government acted in bad faith for refusing to file a § 5K1.1 motion. The court was aware at the time of defendant's sentencing hearing that defendant assisted drug enforcement agents. This was a factor in sentencing defendant at the low end of the guidelines. Defendant's sentence would not have been changed had these arguments been presented with greater emphasis or detail. Therefore, defendant has not proven prejudice from his counsel's alleged ineffective advocacy.

■ Defendant has also not proven bad faith by the government. In the court's opinion, the government acted in good faith

in determining that defendant's illegal conduct disqualified him from receiving a downward departure for substantial assistance.

*Consideration of Conduct Not Resulting in Conviction*

 Defendant has argued that the court should reconsider his sentence and order the government to file a § 5K1.1 motion because the state charges filed when he was arrested on bond were ultimately dismissed, apparently at the behest of federal agents, many months after the sentence in this case. The court rejects this argument.

It appears to the court that the state charges were dismissed in recognition of defendant's assistance to the government. This does not establish, however, that the charges were baseless. Nor does it bar the government or this court from considering the underlying conduct in making decisions upon acceptance of responsibility and substantial assistance. The court is entitled to consider subsequent conduct in rendering a sentence whether or not charges are brought or ultimately sustained. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court ... may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Watts,* —— U.S. ——, ——, 117 S.Ct. 633, 635, 136 L.Ed.2d 554 (1997) (per curiam)(court may consider conduct underlying charges which resulted in acquittal); cf., *U.S. v. Zamarripa,* 905 F.2d 337 (10th Cir.1990) (allowing an upward departure based on misconduct not resulting in conviction). The government is also entitled under the plea agreement in its "sole discretion" to consider such conduct in determining whether defendant rendered substantial assistance.

*Unlawfully Seized Evidence*

 Defendant has also complained that his arrest while on bond was illegal. Defendant has not proven this contention. But, even if it were true, the court could still consider defendant's alleged illegal activity while on bond in formulating his sentence. *U.S. v. Tauil–Hernandez,* 88 F.3d 576, 581 (8th Cir.1996) *cert. denied,* —— U.S.——, 117

S.Ct. 1258, 137 L.Ed.2d 337 (1997); *U.S. v. Jessup,* 966 F.2d 1354, 1356–57 (10th Cir. 1992) *cert. denied,* 507 U.S. 965, 113 S.Ct. 1398, 122 L.Ed.2d 772 (1993) (evidence seized in violation of state law may be used to deny a reduction for acceptance of responsibility).

*Allocution*

 During his sentencing hearing defendant was told by his counsel that he had the right to speak to the court, but he was advised against exercising that right. His former counsel testified that he made every point that defendant asked him to make during the sentencing hearing.

 The denial of allocution by the court is not a constitutional or jurisdictional error which may be raised in a § 2255 motion. *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). In this case, it is not alleged that the court denied allocution. Indeed, the court gave defendant an opportunity to address the court. Instead, it is alleged that defense counsel was constitutionally ineffective for failing to advise defendant to exercise his right to allocution. This argument fails because defendant has not demonstrated that he suffered prejudice because of his counsel's advice. The court is unaware of any argument which defendant would have made during allocution which would have altered defendant's sentence in this case.

*Double Jeopardy*

 Defendant has argued that money was taken from his bank account as part of the investigation and prosecution of this matter and that consequently his sentence should be vacated upon double jeopardy grounds. It appears to the court that any monetary assessment against defendant's account was done by state authorities because defendant testified that he received a paper stating that the Kansas Drug Tax had been satisfied. Such an assessment does not bar a federal criminal prosecution because of the separate sovereignty doctrine. Prosecution or punishment by separate sovereigns of a defendant for the same conduct does not violate the Fifth Amendment's Double Jeop-

ardy Clause. *U.S. v. Raymer,* 941 F.2d 1031, 1037 (10th Cir.1991). The Kansas state government and the federal government are separate sovereigns. See *United States v. Padilla,* 589 F.2d 481, 484 (10th Cir.1978). Therefore, both sovereigns' prosecution or punishment of defendant for his illegal drug activities did not violate his right to be free from double jeopardy. *Raymer,* 941 F.2d at 1037; *Padilla,* 589 F.2d at 484–85.

▮ Additionally, the Supreme Court has recently held that civil forfeitures do not implicate the Double Jeopardy Clause. *U.S. v. Ursery,* 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Therefore, if the federal government was involved in the assessment, the Double Jeopardy Clause was not violated by this criminal prosecution if the assessment was in the nature of a civil forfeiture.

*Federal Jurisdiction*

▮ Defendant also claims that his sentence should be vacated because this court had no jurisdiction to hear a case involving the crime he committed. This is a frivolous contention. Pursuant to 18 U.S.C. § 3231, this court has exclusive jurisdiction to consider violations of federal criminal laws. *U.S. v. Sitton,* 968 F.2d 947, 953 (9th Cir.1992), *cert. denied,* 507 U.S. 929, 113 S.Ct. 1306, 122 L.Ed.2d 695 (1993).

*Safety Valve*

▮ Defendant has argued that he is entitled to the benefits of the so-called "safety valve" provisions of 18 U.S.C. § 3553(f)(5). This statute permits the court to sentence without regard to the mandatory minimum under certain circumstances. However, this provision does not apply to persons, such as defendant, who have more than one criminal history point. 18 U.S.C. § 3553(f)(1). Therefore, this argument must be rejected.

*Other Arguments*

▮ Defendant has claimed that his sentence constituted cruel and unusual punishment. This is clearly a frivolous contention. He has argued that a confession he made in this case was coerced. However, this argument was waived by defendant's

voluntary and uncoerced guilty plea. See *U.S. v. Robertson,* 45 F.3d 1423, 1434 (10th Cir .), *cert. denied,* —— U.S. ——, 116 S.Ct. 133, 133 L.Ed.2d 81 (1995). The other claims made by defendant in this matter are clearly insubstantial and do not justify relief under § 2255.

*Conclusion*

For the above-stated reasons, defendant's motion to vacate sentence shall be denied.

**IT IS SO ORDERED.**