**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK LOREN BARNES,

Defendant-Appellant.

No. 00-5077
(D.C. No. 99-CR-30-B)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **EBEL**, and **BRISCOE**, Circuit Judges.

Mark Loren Barnes entered a conditional guilty plea to one count of conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 846 and was sentenced to thirty years in prison. He challenges the sentencing court's estimation of the quantity of drugs involved in the offense based on sufficiency of the evidence and on violation of the procedural standards

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

established in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). Mr. Barnes further contends the district court erred in admitting evidence from two searches that he asserts were illegal.

In November 1997, police officers working with a reliable informant set up a drug purchase with a man who said he would arrange the sale with Mark Barnes and meet the informant at a specified time and place, and that they would arrive in a white stretch limousine. When the limousine arrived, and after police observed suspicious behavior from the vehicle's occupants, officers searched the limousine. Inside they found large amounts of white powder that field tests revealed to be methamphetamine, along with cash and a 9-mm semi-automatic pistol. Mr. Barnes was arrested at the scene.

Mr. Barnes again came in contact with police in November 1998 when an Oklahoma highway trooper observed a truck whose occupants he suspected of deer poaching. He pulled the truck over after allegedly witnessing a traffic violation. The occupants, Mr. Barnes and another man, denied knowing who owned the truck. The officer asked for permission to search the truck, which Mr. Barnes' companion said they could not give because they were not the owners. After spotting an ice chest and a bulletproof vest on one seat, the officer searched the vehicle and found the components of a disassembled methamphetamine laboratory. Mr. Barnes was arrested once again.

Mr. Barnes was indicted for possession of methamphetamine with intent to distribute based on evidence found in the 1997 search. His motion to suppress the contents of that search was denied. Superseding indictments added several co-defendants and charged all with conspiracy to possess with intent to distribute and distribution of controlled substances, along with other offenses. Mr. Barnes then filed a motion to suppress evidence obtained in the 1998 search, which was also denied. Mr. Barnes subsequently pled guilty to one drug conspiracy count. At sentencing, he was attributed with the distribution of approximately 107 pounds of methamphetamine and sentenced to 30 years in prison.

Mr. Barnes asserts the 1997 and 1998 searches and related warrantless arrests were illegal because officers lacked probable cause to believe he had committed a crime. *See Terry v. Ohio*, 392 U.S. 1 (1968). To determine the existence of probable cause, a court considers the facts and circumstances within the arresting officer's knowledge at the time of the search to determine whether the officer reasonably believed the defendant "had committed or was committing an offense." *United States v. Snow*, 82 F.3d 935, 942 (10th Cir. 1996); *see also Beck v. Ohio*, 379 U.S. 89 (1964). While "the ultimate determination of reasonableness . . . is a question of law reviewable de novo," we "view the evidence in a light most favorable to the government . . . accept[ing] the district court's factual findings unless those findings are clearly erroneous." *United*

*States v. McKissick*, 204 F.3d 1282, 1296 (10th Cir. 2000) (*quoting United States v. Long*, 176 F.3d 1304, 1307 (10th Cir. 1999)). The defendant bears the burden of proving the seizure was illegal. *Id.*

Upon review of the record, we are convinced the district court did not err in denying the motions to suppress. In the 1997 search, officers had reliable prior knowledge that a limousine bearing drugs would arrive at a specified time and place, and their suspicions were corroborated by the strange behavior of the vehicle's occupants upon spotting the police. In the 1998 search, the highway trooper had a reasonable basis to pull over the truck given the late hour and the vehicle's location in an area known for deer poaching problems. *See United States v. McRae*, 81 F.3d 1528, 1533 (10th Cir. 1996) (traffic stops justified if officer has "reasonable and articulable suspicion that the person seized is engaged in criminal activity"). As noted by the district court, Mr. Barnes has no standing to challenge the search of the truck, as he abandoned any expectation of privacy when he disclaimed ownership of the vehicle. *See United States v. Garzon*, 119 F.3d 1446, 1449, 1452 (10th Cir. 1993) (disclaiming property constitutes abandonment, and "[a]bandonment is akin to the issue of standing because a defendant lacks standing to complain of an illegal search or seizure of property which has been abandoned"); *see also United States v. Moffett*, 84 F.3d 1291, 1294 (10th Cir. 1996) (holding not "inconsistent" for government to search

property as abandoned and then charge defendant with possession of drugs found therein).

Mr. Barnes was sentenced under a provision of the sentencing guidelines applicable to those who manufacture or distribute more than 15 kilograms (33 pounds) of methamphetamine. He challenges the court's findings on quantity, pointing out that only 41.6 grams of pure drug and 2784 grams of methamphetamine mixture were actually seized. Under the sentencing guidelines, however, the court must approximate the quantity of drugs involved where the amount in evidence does not reflect the actual scale of the offense. *United States v. Becker*, 230 F.3d 1224, 1234 (10th Cir. 2000). We review the court's determination under a clearly erroneous standard, asking only whether the record contains some support for that finding. *United States v. Sloan*, 65 F.3d 149, 151 (10th Cir. 1995). During Mr. Barnes' sentencing hearing, a federal drug enforcement agent testified he had obtained corroborated evidence from several individuals showing Mr. Barnes was responsible for distributing at least 107 pounds of methamphetamine. Given this evidence, the court's finding that Mr. Barnes distributed in excess of 33 pounds is not clearly erroneous.

Mr. Barnes argues the procedures followed at his sentencing violated *Apprendi*. According to *Apprendi*, any fact that raises a defendant's sentence beyond a statutory maximum must be found by a jury beyond a reasonable doubt.

120 S. Ct. at 2362-63. We have held drug quantity to be one such fact. *United States v. Hishaw*, 235 F.3d 565, 575 (10th Cir. 2000). Mr. Barnes was indicted under a statutory subsection that carries a penalty of 10 years to life in prison, see 21 U.S.C. §§ 841(b)(1)(A) and 846, and he entered a plea of guilty. Because his 30-year sentence fell within the prescribed statutory maximum, *Apprendi* is inapplicable. While Mr. Barnes contends the holding of *Apprendi* implies that a sentencing judge must make quantity determinations beyond a reasonable doubt rather than by a preponderance of the evidence, that argument is foreclosed by *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), which held that judges may make sentencing decisions by a preponderance of the evidence within the statutory range. *See Apprendi*, 120 S.Ct. at 2361 n.13 ("We do not overrule *McMillan*. We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum. . . .").

For the foregoing reasons, Mr. Barnes' conviction and sentence are **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge