FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARRYN FRIERSON, a/k/a DeDa,

Defendant-Appellant.

No. 11-3332

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 6:07-CR-10142-JTM-13)**

_____

Submitted on the briefs:[*]

John Jenab, Jenab & McCauley LLP, Olathe, Kansas, for Defendant-Appellant.

Barry R. Grissom, United States Attorney, James A. Brown, Assistant United States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

_____

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant Darryn Frierson and 19 codefendants were charged in a multiple-count indictment with alleged criminal activities as members of the Crips street gang. Following a lengthy jury trial of Defendant and five codefendants, he was convicted of eight offenses: (1) conspiracy to participate in a Racketeering Influenced and Corrupt Organization Act (RICO) enterprise, *see* 18 U.S.C. § 1962(d) (Count 2); (2) distribution of more than five grams of cocaine, *see* 21 U.S.C. § 841(a)(1) (Count 7); (3) distribution of more than five grams of crack cocaine, *see* 21 U.S.C. § 841(a) (Count 8); (4) possession with intent to distribute more than five grams of crack cocaine, *see* 21 U.S.C. § 841(a) (Count 9); (5) maintaining a place of drug distribution, *see* 21 U.S.C. § 856(a)(1) (Count 10); (6) conspiracy to distribute and possess with intent to distribute crack cocaine, *see* 21 U.S.C. § 846 (Count 11); (7) possession with intent to distribute more than five grams of crack cocaine, *see* 21 U.S.C. § 841(a)(1) (Count 12); and (8) conspiracy to distribute more than 50 grams of crack cocaine, *see* 21 U.S.C. § 846(a) (Count 28). The jury deadlocked on Count 1, which charged Defendant with racketeering, *see* 18 U.S.C. § 1962(c), and acquitted him on Count 29, which charged him with conspiracy to distribute marijuana, *see* 21 U.S.C. § 846.

The district court denied Defendant's motion for judgment of acquittal or in the alternative for a new trial, and it sentenced him to concurrent terms of 120 months' imprisonment on each count. Defendant raises the following contentions on appeal: (1) Counts 11 and 28 are multiplicitous; (2) there was

- 2 -

insufficient evidence to support his conviction for conspiracy to commit a RICO violation; (3) the district court erred by instructing the jury that it did not need to find that an "enterprise" actually existed in order to convict him of a conspiracy to commit a RICO violation; and (4) juror bias denied him the right to a fair trial.  The last three contentions are identical to ones rejected by this court on appeals by his codefendants.  *See United States v. Cornelius*, --- F.3d ---, Nos. 10-3125, 10-3142, 2012 WL 4075877, at *2-4, 7-8, 11-13 (10th Cir. Sept. 18, 2012) and *United States v. Smith*, 454 F. App'x 686, 696-97 (10th Cir. 2012)  We therefore address only his claim of multiplicity.  We hold that it is meritorious.

Defendant concedes that he did not raise the issue of multiplicity in the district court.  Thus, "we review only for plain error." *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (internal quotation marks omitted).  "Under the plain error standard, [a defendant] must show clear or obvious error that affected his substantial rights and seriously affected the integrity of the judicial proceedings." *United States v. Battle*, 289 F.3d 661, 669 (10th Cir. 2002).

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007) (internal quotation marks omitted).  "[M]ultiplicity is not fatal to an indictment." *Id*. (internal quotation marks omitted).  Indeed, "[t]he government may submit multiplicitous charges to the jury." *United States v. Nickl*, 427 F.3d 1286, 1301 (10th Cir. 2005).  But "multiplicitous sentences violate the Double Jeopardy Clause,"

*McCullough*, 457 F.3d at 1162 (internal quotation marks omitted), so "if a defendant

is convicted of both charges, the district court must vacate one of the convictions,"

*Nickl*, 427 F.3d at 1301.

In this case Defendant was indicted on two counts charging a conspiracy to

distribute crack cocaine. Count 11 charged:

> Beginning on a date unknown to the Grand Jury, and continuing through
> March 30, 2007, in the District of Kansas, [Defendant] and Cortez
> Grayson . . . did unlawfully, knowingly combine, conspire, confederate
> and agree together with others, both known and unknown to the Grand
> Jury, to distribute and possess with intent to distribute a mixture and
> substance containing a detectable amount of cocaine base, a controlled
> substance, in violation of Title 21, United States Code, Section
> 841(a)(1)[,] and [thus a] violation of Title 21, United States Code,
> Section 846.

R. Vol. 1 at 72-73. Count 28 incorporated several earlier paragraphs of the

indictment and then charged:

> Beginning on a date unknown to the Grand Jury, and continuing through
> the 27th day of June, 2007, in the District of Kansas, and elsewhere,
> [Defendant, Grayson, and 12 other Crips members] . . . did knowingly,
> willfully and unlawfully combine, conspire, confederate and agree with
> . . . other persons whose identities are both known and unknown to the
> Grand Jury, to distribute fifty (50) grams and more of a mixture and
> substance containing a detectable amount of cocaine base, a controlled
> substance[,] [i]n violation of Title 21, United States Code, Section 846
> and 841(a)(1).

*Id*. at 82. Defendant contends that "[t]he only substantive difference between the two

counts is that Count 28 specifies that the overall scope of the conspiracy was '50

grams and more.'" Aplt. Opening Br. at 15.

- 4 -

To establish that the two conspiracies charged in Counts 11 and 28 were distinct – that is, that the conspiracy convictions were not multiplicitous – the jury had to find the "existe[nce] [of] more than one *agreement* to perform some illegal act or acts." *United States v. Fleming*, 19 F.3d 1325, 1330 (10th Cir. 1994) (internal quotation marks omitted). To do so, the "jurors [had to be] adequately instructed that they could not find [Defendant] guilty of more than one count of conspiracy unless they were convinced beyond a reasonable doubt that he entered into two separate agreements to violate the law." *United States v. Swingler*, 758 F.2d 477, 492 (10th Cir. 1985).

In this case the jury was not so instructed, and accordingly it did not find that Defendant entered into two separate agreements to distribute crack cocaine. The instruction to the jurors that they "separately consider each defendant and each Count," R. Vol. 1 at 243, did not alert them that they needed to find that the two conspiracies involved distinct agreements. And there was nothing in the government's closing argument to suggest that the conspiracy alleged in Count 11 was anything other than part of the larger conspiracy alleged in Count 28, or that Defendant had two separate agreements to distribute illegal drugs. Thus, the two convictions on Counts 11 and 28 are plainly multiplicitous. The government concedes in its brief that if the counts are multiplicitous, Defendant is entitled to relief under plain-error review.

We REMAND with instructions to the district court to vacate Defendant's conviction and sentence on either Count 11 or Count 28. We AFFIRM the convictions and sentences on the remaining counts.