FILED
United States Court of Appeals
Tenth Circuit

June 14, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SIALE ANGILAU,

      Defendant - Appellant.

No. 12-4025

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. Nos. 2:12-CV-00138-TC, 2:08-CR-00758-TC-SA-6 and
2:08-CR-00431-TC-3)**

---

Michael J. Langford, Law Office of Michael J. Langford, P.C., Salt Lake City, Utah, for Defendant - Appellant.

Diana Hagen, Assistant United States Attorney (David B. Barlow, United States Attorney, with her on the brief), Salt Lake City, Utah, for Plaintiff - Appellee.

---

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

      This appeal arises from the latest in a series of four prosecutions by Utah and federal authorities of Defendant Siale Angilau on charges stemming from the shooting of two deputy United States marshals in August 2007. In the case now

before us, Defendant was indicted on four counts by a grand jury for the United States District Court for the District of Utah. One count charged racketeering conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1962(d). The other three were based on the marshals shooting: assaulting a federal officer, *see id.* § 111(a) (the assault count); assault with a dangerous weapon in aid of racketeering, *see id.* § 1959(a) (entitled "Violent crimes in aid of racketeering [VICAR] activity") (the VICAR count); and using or carrying a firearm during a crime of violence (namely, the VICAR offense), *see id.* § 924(c)(1)(A) (the firearm count).

Defendant moved to dismiss the three shooting-related charges as barred by double jeopardy. He founded his argument on events in the first case brought against him by the federal government (the First Federal Case), in which prosecutors dismissed charges of assaulting the marshals, *see id.* § 111(a), and using a firearm during a crime of violence (namely, the § 111(a) offense), *see id.* § 924(c). Later, the district court ordered that the dismissal be with prejudice, because the government had not provided sufficient reasons for seeking dismissal. Defendant argued that the three counts in this case must therefore be dismissed because they are based on the previously dismissed charges. The court granted his motion as to the assault count, which it ruled was identical to the assault charge in the First Federal Case, but it denied the motion as to the VICAR and firearm counts. Also, it rejected Defendant's separate argument that all charges

-2-

against him should be dismissed because the government had violated his due-process rights by repeatedly bringing and dismissing charges against him.

Defendant appeals while his case is pending trial. He continues to press his due-process challenge to both the firearm and VICAR charges. He also maintains that the Double Jeopardy Clause compels dismissal of the firearm count, because it is the same offense as the firearm charge dismissed with prejudice in the First Federal Case. And he adds the new argument that the double-jeopardy doctrine of collateral estoppel bars the government from prosecuting the VICAR and firearm charges because facts necessary to convict him on these charges were found in his favor when the charges in the First Federal Case were dismissed with prejudice.

We hold that (1) we have jurisdiction to hear Defendant's double-jeopardy claims but we lack jurisdiction to hear Defendant's due-process claim before final judgment in the criminal proceedings; (2) there is no merit to his double-jeopardy claim that the firearm count in this case is the same as the firearm count dismissed with prejudice in the First Federal Case, because the predicate crime of violence in the prior case (the § 111(a) offense) has different elements than the predicate crime of violence in this case (the VICAR offense); and (3) neither the firearm charge nor the VICAR charge is barred by collateral estoppel because the previous dismissal did not resolve in his favor any element of the two charges.

I. BACKGROUND

A. Prior Prosecutions

-3-

The first charges against Defendant arising out of the August 2007 shooting of the marshals were brought in Utah state court in March 2008. He pleaded guilty to obstruction of justice and failure to stop at the command of police. At his change-of-plea and sentencing hearing in state court, both the prosecutor and a representative of the United States Marshals Service agreed to recommend against federal charges in connection with the shooting, although the court explained to Defendant that this was merely a recommendation.

Shortly thereafter, in July 2008, Defendant was indicted in the First Federal Case on charges arising from the July 2007 robbery of a 7-Eleven store, which predated (and is apparently unrelated to) the shooting of the marshals. One count alleged a violation of the Hobbs Act, 18 U.S.C. § 1951 (interference with commerce by violence), and one alleged use of a firearm during the robbery, *see* 18 U.S.C § 924(c)(1)(A). For reasons not disclosed by the briefs or the record, the government then changed its mind several times about how to prosecute Defendant for the marshals shooting. In September a second indictment brought two charges against him based on the assault on the marshals (the Second Federal Case): assaulting the two officers, *see id.* § 111(a), and using firearms during the assault, *see id.* § 924(c). But then in January 2009 the government obtained a superseding indictment in the First Federal Case, adding the two charges brought in the Second Federal Case. Again changing course, that May the government dismissed without prejudice the two added charges (relating to the marshals

-4-

shooting) in the First Federal Case and Defendant pleaded guilty to the original charges arising from the 7-Eleven robbery. Three months later the government dismissed the marshals-related charges in the Second Federal Case, leaving no charges pending against Defendant.

## B.     The Present Case

But that was not the end of the government's attempts to prosecute Defendant for the marshals shooting. Apparently desiring to charge the shooting as part of a broader RICO case against additional defendants, the government filed a second superseding indictment in May 2010 in the case now before us. It included numerous charges against members of the Tongan Crip Gang, a criminal organization to which Defendant is alleged to belong. As previously noted, four counts name Defendant. The racketeering-conspiracy charge makes no mention of the marshals shooting in the overt acts it sets forth. The other three counts—the assault count, the VICAR count, and the firearm count—arise out of the marshals shooting.

Defendant moved to dismiss all four counts. He argued that the government's dismissal in the First Federal Case of the two charges related to the marshals shooting should have been with prejudice because the government failed to provide sufficient reasons for seeking to dismiss the charges without prejudice. He also argued, briefly and with little focus and less analysis, that such a dismissal with prejudice would preclude prosecution of all but the conspiracy

charge under principles of double jeopardy. Further, he summarily claimed that due process and the Double Jeopardy Clause required dismissal of all four charges because of the government's course of conduct in repeatedly bringing charges against him.

The district court granted Defendant partial relief. It held that Federal Rule of Criminal Procedure 48(a) and our decision in *United States v. Derr*, 726 F.2d 617 (10th Cir. 1984), require the government to provide reasons for seeking a dismissal without prejudice, found that the government had failed to provide adequate reasons, and therefore ruled that the dismissal of the assault and firearm counts in the First Federal Case must be with prejudice. The court also granted Defendant's double-jeopardy motion in part, dismissing the identical assault charge in this case; but it otherwise denied Defendant's motions to dismiss.

Defendant appeals. He argues (1) that the district court should have dismissed the VICAR and firearm counts on the ground that the government, by repeatedly charging and dismissing counts arising from the marshals shooting, engaged in prosecutorial harassment so severe as to constitute a violation of his due-process rights (he no longer challenges the conspiracy count on this ground); (2) that the Double Jeopardy Clause compels dismissal of the firearm count because it is the same offense as the firearm count dismissed with prejudice in the First Federal Case; and (3) that the court should have dismissed both the firearm and VICAR counts under the Double Jeopardy Clause's collateral-estoppel

-6-

doctrine because they contain factual elements that were determined in his favor by the dismissal with prejudice of the assault and firearm counts. We begin our analysis by addressing our jurisdiction. We hold that we have jurisdiction to consider Defendant's second and third arguments but not the first. We then reject the second and third arguments on the merits.

## II. DISCUSSION

### A. Jurisdiction

The prosecution of Defendant is still pending in the district court. Ordinarily, we cannot hear appeals in criminal cases before final judgment. Under 28 U.S.C. § 1291 our jurisdiction extends only to "appeals from all final decisions of the district courts." And "courts have consistently given effect" to "a firm congressional policy against interlocutory or 'piecemeal' appeals." *Abney v. United States*, 431 U.S. 651, 656 (1977).

But there are exceptions. Under the collateral-order doctrine, we can hear immediate appeals of decisions before final judgment that "[1] finally determine claims of right [2] separable from, and collateral to, rights asserted in the action, [and] [3] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Among such orders are "pretrial orders rejecting claims of former jeopardy." *Abney*, 431 U.S. at 662. Such an order satisfies the collateral-order doctrine

because (1) the district court's order finally determines the double-jeopardy issue, (2) the issue is separable from the principal issue at trial—the guilt or innocence of the defendant, and, most importantly, (3) a later appeal cannot vindicate a central component of the protection against double jeopardy, the "guarantee against being twice put to *trial* for the same offense." *Id.* at 661. As *Abney* explained: "[E]ven if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Id.* at 662. Thus, we have jurisdiction to review Defendant's challenges on appeal under the Double Jeopardy Clause, including the collateral-estoppel claims.

We cannot, however, review Defendant's due-process challenge. Our jurisdiction to hear the double-jeopardy claims does not extend to other issues. "[W]e have no 'pendent' appellate jurisdiction." *United States v. Wittig*, 575 F.3d 1085, 1095 (10th Cir. 2009). We can review the due-process claim only if it independently "fall[s] within *Cohen*'s collateral-order exception to the final-judgment rule." *Abney*, 431 U.S. at 663. In our view, it does not.

To support jurisdiction, Defendant relies on our opinion in *United States v. P.H.E., Inc.*, 965 F.2d 848 (10th Cir. 1992). That reliance is misplaced. *P.H.E.* was a very narrow decision. We held that we had jurisdiction to review the pretrial denial of the defendants' claim that their prosecution was motivated by the government's desire to "burden [defendants] with massive costs of defending

themselves so as to drive them out of business" and prevent them from disseminating materials protected by the First Amendment. *Id.* at 854. We said that the case

> present[ed] an *unusual, perhaps unique* confluence of factors: substantial evidence of an extensive government campaign, of which this indictment is only a part, designed to use the burden of repeated criminal prosecutions to chill the exercise of First Amendment rights. Under these circumstances we are persuaded that the district court's order implicates important rights which would be lost, probably irrevocably, if review had to await final judgment.

*Id.* at 855 (emphasis added) (brackets, ellipsis, and internal quotation marks omitted).

Whatever the merits of *P.H.E.* under current Supreme Court law, Defendant's issue is quite different. No First Amendment claim is at play. Defendant asks us to dismiss the VICAR and firearm counts simply "based on prosecutorial harassment," contending that he has been subjected to "the continual and undue burden of defending four prosecutions for the same alleged criminal act." Aplt. Br. at 17.

In our view, the issue raised by Defendant is like one that the Supreme Court has already found not to satisfy the *Cohen* requirements. In *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263 (1982) (per curiam), the Supreme Court considered an attempted appeal of the denial of a motion to dismiss an indictment on the ground that prosecutorial vindictiveness denied the defendants due process. *See id.* at 264. The defendants alleged that the government had

-9-

secured a superseding indictment with additional charges against them in retaliation for their obtaining a change of venue. *See id.* The Court held that such an appeal did not satisfy *Cohen*'s third requirement because the order was not effectively unreviewable on appeal from a final judgment. *See id.* at 267. The Court wrote that "[o]bviously, it is wholly desirable to correct prior to trial any substantive errors noticed at that time." *Id.* at 268. But relief on appeal is generally all one is entitled to, "[e]ven when the vindication of the defendant's rights requires dismissal of charges altogether." *Id.* at 269. The Court concluded that "[t]he right asserted by respondents [the right to have charges dismissed for prosecutorial vindictiveness] is simply not one that must be upheld prior to trial if it is to be enjoyed at all." *Id.* at 270.

As in *Hollywood*, Defendant cannot point to authority that protects him from being subjected to a trial caused by the alleged prosecutorial misconduct. In contrast to the Double Jeopardy Clause, which does preclude the government from subjecting the defendant to a second trial, the prohibition on prosecutorial misconduct guarantees only (at least absent a "unique confluence of factors," as in *P.H.E.*, 965 F.2d at 855) that any conviction from an improper prosecution will be set aside. Particularly in light of what appears to be the Supreme Court's increasing reluctance to expand the collateral-order doctrine, *see United States v. Wampler*, 624 F.3d 1330, 1334 (10th Cir. 2010), we hold that we lack jurisdiction to review Defendant's due-process claim.

We now turn to Defendant's arguments founded on the Double Jeopardy Clause.

## B.    Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Difficulty can arise, however, in determining whether two charges are for the same offense. The canonical test has been set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." In assessing whether the crimes require proof of different facts, we do "not focus on the acts charged in the indictment . . . but rather on the elements of the crimes." *United States v. Davis*, 793 F.2d 246, 248 (10th Cir. 1986).

Defendant asserts that the current firearm charge against him under 18 U.S.C. § 924(c) states the same offense as the previously dismissed charge

-11-

under § 924(c) in the First Federal Case.[1]  We review de novo the district court's

ruling.  *See United States v. Ahrensfield*, 698 F.3d 1310, 1322 (10th Cir. 2012).

As relevant, § 924(c) states:

[A]ny person who, during and in relation to any crime of violence
. . . for which the person may be prosecuted in a court of the United
States, uses or carries a firearm . . . shall, in addition to the
punishment provided for such crime of violence . . . [, be
imprisoned].

(If the use or carrying involves brandishing or discharging a firearm, the penalty

is increased.  *See id.* § 924(c)(1)(A)(ii), (iii).)  Thus, the elements of § 924(c) are

(1) using or carrying a firearm (2) during and in relation to (3) any federal crime

---

[1] The district court considered itself bound by our decision in *United States v. Mintz*, 16 F.3d 1101 (10th Cir. 1994), to give double-jeopardy effect to the dismissal with prejudice in the First Federal Case.  In *Mintz* we stated, without discussion, that when a prior drug-conspiracy charge against defendants had been dismissed with prejudice before trial, "to subject Defendants to a trial on the same charge in Kansas would violate the Double Jeopardy Clause of the Constitution." *Id.* at 1106.  The government has conceded the point on appeal.  But *Mintz* appears to be in tension with other decisions of this court, both earlier, *see United States v. King*, 581 F.2d 800, 801 (10th Cir. 1978) (jeopardy did not attach to district court's pretrial dismissal of criminal information on defendants' motion, because the dismissal occurred "before the trier of fact commenced to take evidence"), and later, *see United States v. Marchese*, 46 F.3d 1020, 1022–23 (10th Cir. 1995) (jeopardy did not attach to dismissal of indictment on defendants' motion because district court had not yet begun to receive evidence relevant to guilt or innocence).  *See also United States v. Dionisio*, 415 F. Supp. 2d 191, 196–97 (E.D.N.Y. 2006) (rejecting *Mintz*).  Ultimately, *Mintz* makes no difference to our disposition of this case because, as we proceed to explain, Defendant's double-jeopardy claim fails even assuming that jeopardy attached to the dismissal with prejudice.

of violence. Section 924(c)(3) defines *crime of violence*.[2]  We need not decide

whether some form of scienter is also a required element because it would not

affect our analysis.

The § 924(c) charge in the First Federal Case alleged that "[o]n or about

August 11, 2007, . . . [Defendant], . . . during and in relation to the crime of

violence alleged in Count III of this Indictment, did knowingly use, carry,

brandish and discharge a firearm . . . ." R., Vol. 1 pt. 1 at 158.  Count III alleged

an assault on a federal officer in violation of 18 U.S.C. § 111(a).  The elements of

§ 111(a) are (1) assaulting, resisting, opposing, impeding, intimidating, or

interfering with (2) an officer or employee of the United States (3) while the

victim is engaged in, or on account of the performance of, official duties.  *See*

18 U.S.C. § 111(a).  Hence, in order to convict on the § 924(c) charge in the First

Federal Case, the government would have had to prove that Defendant (1) used or

carried a firearm (2) during and in relation to (3) assaulting, resisting, opposing,

---

[2] Section 924(c)(3) states:
For purposes of this subsection the term "crime of violence" means
an offense that is a felony and—
> (A) has as an element the use, attempted use, or
> threatened use of physical force against the person or
> property of another, or
> (B) that by its nature, involves a substantial risk that
> physical force against the person or property of another
> may be used in the course of committing the offense.

impeding, intimidating or interfering with (4) a federal officer (5) engaged in, or on account of the performance of, the officer's duties.

In this case, in contrast, the crime of violence alleged in support of the § 924(c) charge is a VICAR offense under 18 U.S.C. § 1959(a). The firearm count alleges that "[on] or about August 11, 2007, . . . [Defendant], . . . during and in relation to the crime of violence alleged in Count[] XVII of this . . . Indictment, did knowingly use, carry, brandish and discharge a firearm . . . ." R., Vol. 1 pt. 1 at 66. The elements of the VICAR offense charged in Count XVII are (1) assault with a dangerous weapon (2) of any person (3) for the purpose of maintaining or increasing the perpetrator's position in a racketeering enterprise. *See id.* § 1959(a). Hence, to obtain a conviction on the firearm charge, the government must prove that Defendant (1) used or carried a firearm (2) during and in relation to (3) assaulting with a dangerous weapon (4) any person (5) for the purpose of maintaining or increasing Defendant's position in a racketeering enterprise.

Comparing the elements of the two firearm offenses, we see that the fourth and fifth elements of the § 924(c) charge from the First Federal Case—that the victim was a federal officer, and that the assault was undertaken while the victim was engaged in, or on account of the performance of, the victim's duties—do not need to be proved to obtain a conviction on the § 924(c) charge in this case. Likewise, the fifth element of the § 924(c) charge in this case—that the offense

-14-

was committed for the purpose of maintaining or increasing Defendant's position in a racketeering enterprise—need not have been proved to obtain a conviction on the § 924(c) charge in the First Federal Case. Thus, these charges state separate offenses under *Blockburger*.

This conclusion finds support in our precedents applying the *Blockburger* test to charges under § 924(c). *See United States v. Malone*, 222 F.3d 1286, 1293–94 (10th Cir. 2000) (upholding separate § 924(c) convictions when predicate crimes of violence—robbery and carjacking—were committed during one continuous course of conduct, because each crime of violence "require[d] proof of different elements"); *cf. United States v. Chalan*, 812 F.2d 1302, 1316–17 (10th Cir. 1987) (requiring vacation of one of two convictions under § 924(c) because the predicate crimes of violence—robbery and felony murder in the commission of same robbery—were the same offense under *Blockburger*).

Defendant argues that "[t]he factual event" underlying these two § 924(c) charges was exactly the same: the August 2007 marshals shooting. Aplt. Br. at 12–13. He asserts that he can be convicted on the current § 924(c) charge "with or without a reference to" the VICAR count but "cannot be convicted without proving the August 2007 assault acts." *Id.* at 13. He errs, however, in "focus[ing] on the acts charged in the indictment . . . rather [than] the elements of the crimes." *Davis*, 793 F.2d at 248. That the underlying conduct charged in this case is the same as the underlying conduct charged in the First Federal Case does

not affect our conclusion that the two charges state separate offenses under

*Blockburger*.

## C. Collateral Estoppel

The Supreme Court has construed the Double Jeopardy Clause to

encompass aspects of collateral-estoppel doctrine. *See Ashe v. Swenson*, 397 U.S.

436, 445 (1970). Under this doctrine, "when an issue of ultimate fact has once

been determined by a valid and final judgment, that issue cannot again be

litigated between the same parties in any future lawsuit." *Id.* at 443. We assess

the record "with realism and rationality," looking to what was "actually

determined in the prior prosecution." *United States v. Addington*, 471 F.2d 560,

567 (10th Cir. 1973).

Because Defendant failed to make a collateral-estoppel argument to the

district court, we review only for plain error. "Under the plain error standard, a

defendant must show clear or obvious error that affected his substantial rights and

seriously affected the integrity of the judicial proceedings." *United States v.

Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012) (brackets and internal quotation

marks omitted).

Defendant contends that "the facts upon which [the firearm count in this

case] are based are exactly the same as those upon which the dismissed counts in

[the First Federal Case] were based. These facts are the August 11, 2007 incident

[the marshals shooting]." Aplt. Br. at 14. In his view, this means that "the

-16-

government is barred from bringing any charges based on the facts of the August 11, 2007 assault incident." *Id.* Similarly, he contends that because "the facts of [the marshals shooting]" were determined by the dismissal with prejudice, the VICAR count "cannot be proved at trial and must fail." *Id.* at 15.

The problem for Defendant is that the dismissal with prejudice in the First Federal Case was not based on a determination of the facts of the marshals shooting. The district court ruled that the dismissal in the First Federal Case had to be with prejudice because the government did not provide adequate reasons for the dismissal. The only factual issue resolved by the district court's order was whether the government's proffered reasons were sufficient to justify dismissal without prejudice. No issue of fact relevant to Defendant's guilt was resolved. Collateral estoppel therefore imposes no bar to the present prosecution, and the district court did not err, let alone plainly err, in rejecting Defendant's motion to dismiss the VICAR and firearm counts. *Cf. United States v. Rivero*, 532 F.2d 450, 457 (5th Cir. 1976) (indictment for providing sample of cocaine had been previously dismissed with prejudice on government's motion; collateral estoppel did not bar government from introducing evidence of that incident in subsequent trial for attempt to facilitate a related cocaine transaction because "the dismissal of the indictment, with or without prejudice, does not amount to the determination of any of the intrinsic underlying facts").

## III.   CONCLUSION

We AFFIRM the district court's denial of Defendant's motion to dismiss the charges against him on double-jeopardy grounds.  We DISMISS Defendant's appeal from the denial of his motion to dismiss the charges on the ground of prosecutorial harassment.