FILED
United States Court of Appeals
Tenth Circuit

March 27, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GUILLERMO MORALES,

    Defendant - Appellant.

No. 16-3260
(D.C. No. 2:15-CR-20020-JAR-10)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Guillermo Morales was charged in a superseding indictment with one

count of conspiring to manufacture, possess with the intent to distribute, and distribute

fifty grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C.

§§ 841(a)(1), (b)(1)(A)(viii), and 846; and one count of using a communication facility to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

commit that conspiracy, in violation of 21 U.S.C. § 843(b).  Morales moved to dismiss the indictment on the basis that the State of Kansas had already charged and convicted him of several narcotics crimes based on the same activity for which he presently faces federal prosecution.  The district court denied the motion, and Morales brings this interlocutory appeal.  Concluding that we lack jurisdiction, we dismiss the appeal.

**I**

Pending before us are the United States's motion to dismiss the appeal for want of jurisdiction and Morales's motion for leave to file exhibits to his reply brief under seal.  Before we can address the merits of Morales's claims or his pending motion, we must determine whether we have jurisdiction over his appeal.  Shepherd v. Holder, 678 F.3d 1171, 1180 (10th Cir. 2012); see also United States v. Ruiz, 536 U.S. 622, 628 (2002) (explaining that "a federal court always has jurisdiction to determine its own jurisdiction").

Morales's prosecution "is still pending in the district court," and normally this court "cannot hear appeals in criminal cases before final judgment."  United States v. Angilau, 717 F.3d 781, 785 (10th Cir. 2013).  Specifically, our jurisdiction extends only to "appeals from all final decisions of the district courts."  28 U.S.C. § 1291.  However, the collateral order doctrine allows us to "hear immediate appeals of decisions" that "[1] finally determine claims of right [2] separable from, and collateral to, rights asserted in the action, [and] [3] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is

2

adjudicated." Angilau, 717 F.3d at 785 (alterations in original) (quoting Cohen v.

Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)).

The Supreme Court has "interpreted the collateral order exception with the utmost

strictness in criminal cases." Midland Asphalt Corp. v. United States, 489 U.S. 794, 798

(1989) (quotation marks and citation omitted). To "secure interlocutory review of a

collateral order based on a claimed 'right not to be tried,' some *constitutional or statutory*

*provision* must grant [a defendant] that right." United States v. Wampler, 624 F.3d 1330,

1332 (10th Cir. 2010) (emphasis added). "[O]nly when a statutory or constitutional

provision *itself* contains a *guarantee* that a trial will not occur . . . may courts of appeals

intervene prior to a final judgment to review the defendant's claimed 'right not to be

tried.'" Id. at 1336 (quoting Midland Asphalt, 489 U.S. at 801) (collecting cases). Where

"no such provision is in play, we must, as usual, defer review of [a defendant's]

arguments until after [her or his] trial, should it happen to result in a final judgment of

conviction." Id. at 1332.

Morales advances two arguments as to why we have jurisdiction over his

interlocutory appeal under the collateral order doctrine. First, he argues that his present

prosecution violates the Double Jeopardy Clause.[1] See U.S. Const. amend. V. Second,

_____

[1] The United States argues that Morales waived any claim that his prosecution violates the
Clause by failing to make that argument before the district court in his motion to dismiss,
and then foreclosed consideration of that waived claim on appeal by failing to argue that
the district court plainly erred. See Wampler, 624 F.3d at 1340. We need not decide that
issue because, in any event, Morales's jurisdictional arguments regarding the Clause are
unavailing.

3

he contends that his prosecution violates the Department of Justice's *Petite* policy. We reject each argument in turn.

## A. The Double Jeopardy Clause

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" Angilau, 717 F.3d at 787 (quoting U.S. Const. amend. V). The Clause prohibits both "multiple prosecutions" and "multiple punishments" for "the same crime." United States v. Barrett, 496 F.3d 1079, 1118 (10th Cir. 2007) (quoting United States v. Long, 324 F.3d 475, 478 (7th Cir. 2003), and citing United States v. Dixon, 509 U.S. 688, 695–96 (1993)). Consequently, we can hear interlocutory appeals from "pretrial orders rejecting claims of former jeopardy." Angilau, 717 F.3d at 785 (quoting Abney v. United States, 431 U.S. 651, 662 (1977)).

However, "mere recitation of the term 'double jeopardy' in the motion to dismiss does not bring [a] defendant's appeal within the" collateral order doctrine. United States v. Ritter, 587 F.2d 41, 43 (10th Cir. 1978). Rather, a "claim of double jeopardy must be at least 'colorable' to confer interlocutory jurisdiction on an appellate court." Wampler, 624 F.3d at 1340 (citing Richardson v. United States, 468 U.S. 317, 322 & n.6 (1984); United States v. McAleer, 138 F.3d 852, 857 (10th Cir. 1998)). "To be colorable, a claim must have some possible validity." McAleer, 138 F.3d at 857 (citing Richardson, 468 U.S. at 322 & n.6). Where we have previously "rejected the identical double jeopardy claim" that the defendant "raises," he "has failed to raise a colorable claim." Id.

4

Morales argues that the Double Jeopardy Clause bars the United States from prosecuting him for activities for which Kansas also convicted him. But it is well established that the Clause does "not bar the federal prosecution of a criminal defendant who ha[s] previously been tried and convicted in state court for the same underlying conduct." Barrett, 496 F.3d at 1118; see also Puerto Rico v. Sanchez Valle, __ U.S. __, 136 S. Ct. 1863 (2016) (explaining that "under what is known as the dual-sovereignty doctrine, a single act gives rise to distinct offenses—and thus may subject a person to successive prosecutions—if it violates the laws of separate sovereigns," id. at 1867, and that "States are separate sovereigns from the Federal Government (and from one another)," id. at 1871). Therefore, Morales's federal prosecution based on activities for which Kansas previously convicted him does not establish a colorable claim of a violation of the Double Jeopardy Clause. Wampler, 624 F.3d at 1340; McAleer, 138 F.3d at 857. As a result, Morales's invocation of the Clause does not vest us with jurisdiction over his interlocutory appeal. Angilau, 717 F.3d at 785, 787–88.

## B. The *Petite* Policy

Morales also contends that we have jurisdiction to hear his interlocutory appeal because the United States violated its *Petite* policy, under which he claims to have a right not to be tried for the charged offenses. "The *Petite* policy provides that after a state trial a subsequent federal trial for the same conduct should not occur absent compelling reasons and prior approval by the Justice Department." United States v. Raymer, 941

5

F.2d 1031, 1045 n.2 (10th Cir. 1991).  But the policy is "not constitutionally mandated

. . . ."  Rinaldi v. United States, 434 U.S. 22, 29 (1977) (per curiam).

Specifically, in United States v. Thompson, we held that the *Petite* policy "is

merely a housekeeping provision of the" Department of Justice, "that it is at most a guide

for the use of the Attorney General and the United States Attorneys in the field," and that

it is not "capable of giving rise to an enforceable right in favor of the defendant."  579

F.2d 1184, 1189 (10th Cir. 1978) (en banc).  We have repeatedly reiterated "that a

defendant is not entitled to dismissal of an indictment even if the government does not

comply with its *Petite* policy."  Raymer, 941 F.2d at 1037 (collecting cases); see Barrett,

496 F.3d at 1120–21 (same).  And because that is so, "there is no merit whatsoever to" a

criminal defendant's motion to dismiss an indictment premised on the United States's

alleged violation of or refusal to implement the *Petite* policy.  United States v.

Valenzuela, 584 F.2d 374, 378 (10th Cir. 1978).  Therefore, "jurisdiction to entertain an

interlocutory appeal" from the denial of such a motion "does not exist."  Id.

Morales has not argued that this precedent is inapposite here.  See United States v.

White, 782 F.3d 1118, 1127 (10th Cir. 2015).  He instead suggests that Thompson should

be reconsidered because several jurists—in concurrences and dissents—have expressed

reservations about the *Petite* policy.  See e.g., Sanchez Valle, 136 S. Ct. at 1877

(Ginsburg, J., concurring).  But Morales points to no authority *holding* that the *Petite*

policy confers a substantive right on a defendant not to stand trial, let alone a right that

6

may be vindicated on interlocutory appeal.  See Wampler, 624 F.3d at 1332, 1335–36.  Indeed, no such authority exists.

Morales's argument that Thompson should be reconsidered in this interlocutory context does not derive from any intervening change in the law or Supreme Court precedent.  And it is axiomatic that a "panel of this court cannot overrule the judgment of another panel absent en banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis."  White, 782 F.3d at 1127 (quoting United States v. Nichols, 775 F.3d 1225, 1230 (10th Cir. 2014)).  Morales has therefore failed to establish that he has any colorable claim to have the indictment dismissed based on the *Petite* policy.  Consequently, we have no jurisdiction to hear his interlocutory appeal.  See Valenzuela, 584 F.2d at 378.

## II

We lack jurisdiction to hear Morales's interlocutory appeal.  Therefore, the United States's motion to dismiss is GRANTED, Morales's motion for leave to file exhibits to his reply brief under seal is denied as MOOT, the Clerk of Court is directed not to file the exhibits, and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

7