**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES MICHAEL COOPER,

    Defendant - Appellant.

No. 23-7045
(D.C. No. 6:21-CR-00070-JFH-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **EBEL**, and **EID**, Circuit Judges.
_____

The questions presented by this appeal are whether Charles Cooper can be sentenced for *both* premeditated murder and felony murder, in addition to felony murder and its predicate felony (here, burglary).  We hold he cannot.

Late one night Mr. Cooper entered his neighbor's house, murdered her, and then set fire to her house.  [Aplt. Br. at 3.]  A jury convicted him of four counts for which he received four concurrent sentences: (1) Count 1: Premeditated Murder, 18

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. §§ 1111(a), 1151, 1153 - (life); (2) Count 2: Felony Murder Burglary, 18

U.S.C. §§ 1111(a), 1151, 1153 - (life); (3) Count 3: Burglary, 18 U.S.C. §§ 1151,

1153 & Okla. Stat. tit. 21, § 1431 - (240 months); and (4) Count 5: Arson, 18 U.S.C.

§§ 81, 1151, 1153 (life).[1]

On appeal Mr. Cooper raises double jeopardy concerns as between his

convictions for Premeditated Murder (Count 1) and Felony Murder (Count 2), and

Felony Murder and its predicate felony, Burglary (Count 3).  Visualized, the tensions

look like this:



Mr. Cooper did not raise this issue at the district court, meaning we review for

plain error.[2]  *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006).

This is normally an onerous burden for the claimant, but here the Government

concedes the error.  The only remaining question is the appropriate remedy.

---

[1] The district court also imposed concurrent supervised release terms of five years on the murders and the arson, and three years on the burglary.

[2] "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mendoza*, 698 F.3d 1303, 1309 (10th Cir. 2012).

We remand for the district court to determine which of Mr. Cooper's multiplicitous sentences to vacate.

## I. Analysis

Multiplicity refers to multiple counts, sentences, or convictions "which cover the same criminal behavior." *United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007) (quotations omitted). Multiplicitous convictions are "improper because they allow multiple punishments for a single criminal offense," *id.*, which violates the Constitution's Double Jeopardy Clause.[3] U.S. Const. amend. V, cl. 2. ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb[.]").

"[T]he only remedy [for multiplicity] . . . is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions." *Ball v. United States*, 470 U.S. 856, 864 (1985).

Mr. Cooper argues his convictions pose two multiplicity problems. First is his conviction for felony murder in perpetration of burglary *and* his separate conviction for the burglary. Second, he argues his felony murder conviction is multiplicitous with his premeditated murder conviction. To resolve this tension, he asks we vacate *both* the burglary conviction and one of the two murder convictions.

---

[3] Multiplicity is not an indictment defect; "the government may submit multiplicitous charges to the jury." *United States v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012) (citations omitted). "But multiplicitous sentences violate the Double Jeopardy Clause, so if a defendant is convicted of both charges, the district court must vacate one of the convictions[.]" *Id.* (internal citations omitted).

### A. *Federal Felony Murder v. Oklahoma State Burglary*

The Government concedes that Mr. Cooper's federal felony murder conviction and predicate state burglary conviction are multiplicitous. [Aplt. Br. at 8.]. For the reasons explained below we agree.

As a general matter, we agree with the parties that in the context of *federal* felony murder under 18 U.S.C. § 1111(a), the predicate felony is a lesser included offense, *Whalen v. United States*, 445 U.S. 684, 694 n.8 (1980), and the greater offense (murder) subsumes the latter.[4] *Brown v. Ohio*, 432 U.S. 161, 168 (1977).

But the Supreme Court has held that legislatures may authorize cumulative punishment for the same offense without running afoul of the Double Jeopardy clause. *Missouri v. Hunter*, 459 U.S. 359, 366–68 (1983); *Whalen*, 445 U.S. at 688–89 ("[I]f Congress has not authorized cumulative punishments for rape and for an unintentional killing committed in the course of the rape . . . the petitioner has been impermissibly sentenced. . . . The dispositive question, therefore, is whether Congress did so provide.").

---

[4] The parties broadly assert that "[i]n the context of a felony murder, the underlying felony is a lesser included offense." Aple. Br. at 8; Aplt. Br. at 9 ("felony murder and the underlying felony are the same offense for purposes of double jeopardy purposes."). This may not be entirely true. *C.f.* 40A Am. Jur. 2d Homicide § 174 ("Courts are not in agreement as to whether the double jeopardy clause bars successive prosecutions and punishments for felony murder and the underlying felony, with some holding that successive or multiple prosecutions and punishments are not barred, or have found convictions for both the predicate felony and felony murder did not violate double jeopardy."). We confine our analysis to the facts and circumstances presented here.

The multiplicity question is thus one of congressional intent. *United States v. Chalan*, 812 F.2d 1302, 1315, 1316 (10th Cir. 1987). Here, owing to a peculiarity of prosecuting crimes in Indian Country, we must discern the intentions of *two* congresses: that of both Oklahoma and the United States.

Mr. Cooper is an Indian who committed his crime in Indian Country. This means the federal Government prosecuted him pursuant to 18 U.S.C. § 1153, which conveys federal jurisdiction for (as relevant here) murder and burglary. But while there is a general federal murder statute, there is not one for burglary. To account for this, § 1153 provides that where an offense "referred to [herein] is not defined and punished by Federal law" it "shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense." As a result, Mr. Cooper's federal felony murder conviction is predicated on his culpability for Oklahoma burglary. The question, then, is whether the United States Congress intended that offenders of its felony murder statute be punished cumulatively when the predicate felony is Oklahoma burglary, and vice versa. *Missouri*, 459 U.S. at 366–68.

We agree with the parties that the answer is no. Starting with the text of § 1153, burglary is "defined and punished in accordance with the laws of the State in which such offense was committed[.]" Oklahoma does not permit convictions for felony murder and its predicate felony—including burglary. *Cleary v. State*, 942 P.2d 736, 744 (Okla. Crim. App. 1997) (if an Oklahoma jury finds one "guilty of felony-murder it [can]not also find him guilty of the underlying felony, burglary.");

5

*Tibbs v. State,* 819 P.2d 1372, 1376 (Okla. Crim. App. 1991) ("We also note that if we were to affirm the murder conviction for the death of Mrs. Kinnamon, the rape conviction would have had to be dismissed because one cannot be convicted of both felony murder and the underlying felony."); *Castro v. State*, 745 P.2d 394, 405 (Okla. Crim. App. 1987), *cert. denied,* 485 U.S. 971, 108 (1988).  In sum, § 1153 defers to state law, and in Oklahoma one cannot be convicted of both felony murder and the predicate felony.

The Court's opinions interpreting § 1111 likewise support concluding Congress did not intend for felony murder to be prosecuted cumulatively with its predicate felony.  *See Harris v. Oklahoma*, 433 U.S. 682, 682 (1977) ("When, as here, conviction of a greater crime [] cannot be had without conviction of the lesser crime [] the Double Jeopardy Clause bars prosecution for the lesser crime, after conviction of the greater one.").  *See also Whalen*, 445 U.S. at 694 n.8 ("[F]or purposes of imposing cumulative sentences under D.C. Code § 23-112, Congress intended rape to be considered a lesser offense included within the offense of a killing in the course of rape.").

Finally, under the so-called "*Blockburger*" test, "multiple punishments cannot be imposed for two offenses arising out of the same criminal transaction unless each offense 'requires proof of a fact which the other does not.'"  *Whalen*, 445 U.S. at 691 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  A conviction for killing in the course of burglary cannot be had without proving all the elements for burglary.  Indeed, here the jury was instructed that to convict Mr. Cooper under

6

§ 1111(a), they had to find that the murder occurred while Mr. Cooper "was engaged in committing or attempting to commit a burglary[.]" R. Vol. I at 184. Thus burglary—standing alone—does not require proof of a fact felony murder does not, and the greater offense (felony murder) subsumes its predicate. *See Brown*, 432 U.S. at 168 ("As is invariably true of a greater and lesser included offense, the lesser offense joyriding requires no proof beyond that which is required for conviction of the greater auto theft.").

In sum, we agree it was plain error for Mr. Cooper to be convicted and sentenced for both federal felony murder perpetrated in commission of a burglary *and* the predicate Oklahoma-state burglary.

### B. Felony Murder v. Premeditated Murder

That leaves the tension between felony murder and premeditated murder. The Government also appears to concede this error, but never substantively addresses it because, it argues, all the tensions can be rectified by vacating the "common denominator" felony murder conviction. [Aple. Br. at 10.] So, while Mr. Cooper asks us to vacate his sentence for burglary *and* one of the two murder counts, the Government argues the medicine doesn't match the ailment because the defect can be cured by vacating just Mr. Cooper's felony murder count.

We agree with Mr. Cooper that his convictions for premeditated murder and felony murder also pose a multiplicity problem. Both counts flow from a single murder, and both are in violation of § 1111(a). When multiple convictions rest on a "single criminal statute" the multiplicity question boils down to determining the "unit

7

of prosecution" under the statute. *United States v. Rentz*, 777 F.3d 1105, 1108 (10th Cir. 2015) (en banc) (Gorsuch, J.). *See also Sanabria v. United States*, 437 U.S. 54, 70 (1978) ("Because only a single violation of a single statute is at issue here, we do not analyze this case under the [*Blockburger*] same evidence test").

"When seeking a statute's unit of prosecution—when asking what the minimum amount of activity a defendant must undertake, what he must do, to commit each new and independent violation of a criminal statute—the feature that naturally draws our immediate attention is the statute's verb." *Id.* at 1109. Section 1111(a) defines "murder" as the unlawful "*killing* of a human being[.]" (emphasis added). The present participle "killing" suggests that a single murder equals a single unit of prosecution. *See id.* ("[I]f a law's verb says it's a crime to *kill* someone, we usually think a defendant must *kill* more than one person to be found guilty of more than one offense."). Mr. Cooper killed one person. Abhorrent as that is, it still means he is only liable for one murder.

We thus agree that Mr. Cooper's felony murder, burglary, and premeditated murder convictions, and their corresponding punishments, pose a collective multiplicity problem amounting to plain error. As to resolving it, the Government's point is well taken that the common denominator is felony murder. But it is not our role to decide which sentence[s] to vacate; that duty lies with the district court. *Ball*, 470 U.S. at 864.

## II. Conclusion

Accordingly, we remand with instructions to remedy Mr. Cooper's multiplicitous convictions by vacating one or more in a manner consistent with this order.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge